UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY COLLINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LARRY D. BRUNS, et al., )<br>)<br>Defendants. ) | Case No. 1:04CV104 RWS |

## **MEMORANDUM AND ORDER**

Plaintiff Timothy Collins pleaded guilty to the offense of distribution of cocaine base and is presently serving his sentence. This law suit asserts that Collins' Constitutional rights were violated by an illegal search of his business that led to his present confinement. Defendants have moved for summary judgment. Because Collins pleaded guilty to the criminal charges arising from the search of his business, as a matter of law he can not prevail on his claims arising from that search.

*Background*

On May 3, 2003, Collins' night club in New Madrid, Missouri was subjected to a search by agents of the Federal Bureau of Investigation and the Southeast Missouri Drug Task Force. The search was authorized by a search warrant allegedly issued on May 2, 2003, by United States Magistrate Judge Lewis M. Blanton in Cape Girardeau, Missouri. Evidence of cocaine distribution was seized during the search and used to indite Collins. On October 22, 2003, Collins pleaded guilty to the indictment's charge of distribution of cocaine base in Case No. 1:03CR66ERW in the United States District Court for the Eastern District of Missouri, Southeast

Division. Collins was sentenced on February 25, 2004, to a term of imprisonment of 88 months. There is no evidence in the record that Collin's conviction has been overturned or otherwise called into question.

Collins filed the present law suit on August 2, 2004. His suit alleges a claim under 42 U.S.C. § 1983 that his right under the Fourth Amendment of the United States Constitution to be free from an illegal search a seizure was violated. He also asserts that his right against an illegal search and seizure granted by the Missouri Constitution in Article 1, § 15 was violated. He claims that the search of his night club on May 3, 2003 was illegal due to a defective search warrant. In support of his claim Collins has filed an unsigned and undated copy of the search warrant and accompanying affidavit that was used to search his night club. He alleges that this unsigned warrant was the document used to perform an illegal search of his business. In response to this claim Defendants have filed a signed copy of these documents dated May 2, 2003.

The defendants in this suit are agents of the Federal Bureau of Investigation, the Southeast Missouri Drug Task Force, and the City of Sikeston Department of Public Safety. Collins seeks monetary damages from Defendants for the alleged violation of his Constitutional rights. Defendants have all moved for summary judgment on the grounds that Collins conviction precludes his ability to bring the present claims.

*Legal Standard*

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

Collins claims that the search warrant used to search his night club on May 3, 2005 was defective because it lacked signatures, dates, and judicial stamps. In support of his claim, Collins has submitted a copy of unsigned and undated search warrant documents. There is no indication in the record where or how Collins obtained these documents. In response to Collins' claims, Defendants have filed copies of the search warrant at issue which is properly authorized and dated May 2, 2003. I need not decide, however, whether such competing evidence of the validity of the search warrant is a proper matter for summary judgment. That is because as a matter of law Collins is unable to pursue his claim of an illegal search and seizure.

The undisputed facts in this case are that Collins was indicted as a result of the search of his night club on May 3, 2003. He pleaded guilty to the charge of distribution of cocaine base and

he is presently serving his prison term. He now seeks to recover money damages based on his allegation that his right to be free of illegal search and seizure was violated when his night club was allegedly illegally searched on May 3, 2003.

A judgment in Collins' favor on his claim that defendants violated this right would "necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Therefore, Collins' claims are not cognizable unless and until Collins shows his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Collins has not made such a showing.

Moreover, Collins entered a guilty plea in the underlying criminal prosecution of this matter. A guilty plea forecloses Collins' section 1983 claim for any constitutional claims arising out of that conviction. Williams v. Schario, 93 F.3d 527, 528 (8th Cir. 1996)(citing Malady v. Crunk, 902 F.2d 10, 11 (8th Cir. 1990)). Similarly, Collins claim under the Missouri Constitution is also foreclosed. Under Missouri law, when an individual pleads guilty to a charge, he not only admits his guilt, but also admits all of the facts charged. Hurse v. State, 527 S.W.2d 34, 36 (Mo. Ct. App. 1975). Collins guilty plea, while not a decision on the merits, creates a waiver of his right to a decision on the merits of his claim under the Missouri Constitution. See United States v. Wray, 608 F.2d 722, 724 (8th Cir.1979).

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motions for summary judgment [#28 and #29] are **GRANTED**. Any other pending motions in this case are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2005.