UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:04CV104 RWS |
| | ) |
| LARRY D. BRUNS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

In October 2003, Plaintiff Timothy Collins pleaded guilty in federal court to the offense of distribution of cocaine base and is presently serving his sentence. After his conviction Collins filed this lawsuit asserting that his Constitutional rights were violated by an illegal search of his business that led to his present confinement. Defendants have moved for summary judgment. Because the search of Collins' business was conducted under the authority of a valid search warrant summary judgment will be granted to Defendants.[1]

*Background*

On May 3, 2003, Collins' night club "Jasmine's" in New Madrid, Missouri was subjected to a search by agents of the Federal Bureau of Investigation and the Southeast Missouri Drug Task Force. The search was executed with a search warrant issued on May 2, 2003, by United States Magistrate Judge Lewis M. Blanton in Cape Girardeau, Missouri. Evidence of cocaine

---

[1] I had previously granted Defendants summary judgment on September 9, 2006 based on the holding of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) which was raised as a complete defense to this action by Defendants in their summary judgment motions. The Eighth Circuit Court of Appeals reversed the judgment based on <u>Heck</u> and remanded the case. I now grant Defendants summary judgment on the alternative grounds raised in their motions for summary judgment which I did not address in my previous ruling.

distribution was seized during the search and used to indite Collins. On October 22, 2003, Collins pleaded guilty to the indictment's charge of distribution of cocaine base in Case No. 1:03CR66ERW in the United States District Court for the Eastern District of Missouri, Southeast Division. Collins was sentenced on February 25, 2004, to a term of imprisonment of 88 months. There is no evidence in the record that Collin's conviction has been overturned or otherwise called into question.

Collins filed the present law suit on August 2, 2004. His suit alleges a claim under 42 U.S.C. § 1983 that his rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an illegal search a seizure was violated. He also asserts that his right against an illegal search and seizure granted by the Missouri Constitution in Article 1, § 15 was violated. His claims are based on his assertion that the search of his night club on May 3, 2003 was illegal because the search warrant used by the agents was invalid. Collins seeks monetary damages in this civil lawsuit.

The basis of the claimed defect in the search warrant is somewhat of a moving target based on Collins' pleadings and documents filed in this case.

In his complaint, Collins asserts that the search warrant was defective because (1) there is no judge's signature on the warrant; (2) the clerk of court's file stamp is missing from the warrant; (3) the warrant lacks an issuing number; (4) there is only an out of court declaration by one of the Defendants in support of the warrant; (5) there is "no record of the administration of oath to any person who formed the basis for the application or any officer applying for the warrant;" and (6) there is "no record of the informant's testimony being sworn to in the affidavit." Compl. at p. 4. In support of these claims Collins attached to his complaint an

unsigned copy of the application for the search warrant at issue in this matter and an unsigned copy of the affidavit in support of the warrant.

In his response to Defendants' motion for summary judgement, Collins appears to concede points (1) through (3). However, he adds the additional claim that Judge Blanton did not have the legal authority to sign the search warrant

Defendants are all federal or state law enforcement officers who had either direct involvement or supervisory involvement with the search of Collins' night club on May, 3, 2003.[2] Defendant Larry D. Bruns is a special agent with the Federal Bureau of investigation. He is the law enforcement officer who signed the affidavit in support of the search warrant at issue and who appeared before Judge Blanton and obtained the warrant. Defendants have filed motions seeking summary judgment on the basis that the search warrant was valid and, in the alternative on the basis of qualified immunity.

In support of their motions Defendants filed a certified copy of the application for the search warrant, the affidavit in support, and the search warrant itself. The warrant bears Judge Blanton's signature dated May 2, 2003 at 4:15 p.m., an issuing number (03-4068-M), a file stamp dated May 2, 2003, a certification stamp signed by the deputy clerk of court, and a signature of the affiant Larry D. Bruns. The application and affidavit for the search warrant bears the identical marks with the exception that the time fo 4:15 p.m. is not noted on that document. The accompanying affidavit is signed by Bruns and is noted to be "[s]ubscribed and sworn" before Judge Blanton on the same date. Judge Blanton signature appears after this statement at the end

---

[2] The defendants in this suit are agents of the Federal Bureau of Investigation, the Southeast Missouri Drug Task Force, and the City of Sikeston Department of Public Safety.

of the document.

*Legal Standard*

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

Collins' initial claims in this case are that the search warrant used to search his night club on May 3, 2003, is invalid because it lacks a judge's signature, a clerk of court's file stamp, and an issuing number. Defendants filed a certified copy of the fully executed search warrant,

application, and affidavit with their answer to the complaint and with the motion for summary judgment. I have viewed the original document which has been unsealed and is now a public record. I take judicial notice that the warrant and application are signed by Judge Blanton, that the application and affidavit are signed by the affiant Bruns, and that these documents contain an issuing number and a filed stamp which reflects that the warrant was sought and issued on May 2, 2003 at 4:15 p.m.[3] See U.S. v. Morris, 451 F.2d 969, 972 (8th Cir. 1971)(a district court may take judicial notice of its own records).

As a result, I find that Collins initial three claims concerning the validity of the warrant are without merit.

I also find that Collins' assertion that Judge Blanton was without authority to sign the warrant is also a baseless claim. Federal Rule of Criminal Procedure 41(b) specifically authorizes a federal magistrate "with authority in the district" to issue search warrants. Such authority is granted to the magistrate judges in this district by local rule 11.01 which grants magistrate judges the authority to exercise all powers and perform all duties conferred by the Federal Rules of Criminal Procedure. E.D.Mo. L.R. 11.01.

*Collins' remaining three assertions are also without merit.*

The Fourth Amendment protects citizens from unreasonable searches and seizures by government officials. The proper execution of a valid search warrant makes the search of a citizen or his property reasonable under the Fourth Amendment. Federal Rule of Criminal

---

[3] The original search warrant, application, and affidavit are always retained by the Court after they are executed by the judge. The applicant receives a copy of the executed documents and of course may have unexecuted copies which were made prior to appearing before the judge. One of the unexecuted copies was attached to Collins' complaint.

Procedure 41(d)(1) states that after receiving an affidavit or other information, a magistrate must issue a search warrant if there is probable cause to search property. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... concluding that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238 (1983)(internal quotations and citation omitted).

Federal Rule of Criminal Procedure 41(d)(2)(A) states that when a federal law enforcement office presents an affidavit in support of a warrant, the magistrate judge may require the affiant to appear personally and may examine the affiant under oath. The affiant may rely on hearsay as long as a substantial basis for crediting the hearsay is presented to the magistrate. Illinois, 462 U.S. at 242.

"When a search warrant affiant relies on the statement of an informant, the reliability of that informant is a key issue. ... The information provided by an informant is sufficient to support a probable cause finding if the person has provided reliable information in the past or if the information has been independently corroborated." Mueller v. Tinkham, 162 F.3d 999, 1003 (8th Cir. 1998).

*Collins' remaining three assertions:*

*Collins asserts that the search warrant was invalid because the informants relied upon by the affiant were not themselves placed under oath by Judge Blanton.*

This assertion is without merit for two reasons. First, affiant Bruns appeared personally

before Judge Blanton. Under such circumstances Rule 41(d)(2) only requires the affiant to present his affidavit under oath. The affidavit in this matter clearly states that it was subscribed and sworn to before Judge Blanton. Collins's assertion that the informants themselves must be under oath is a misreading of what Rule 41 requires. A magistrate must place under oath "any person on whose testimony the application is based" only when the request for a warrant is sought by telephonic or other means under Rule 41(d)(3). Because the request for a warrant was made in person in this matter, Rule 41(d)(3) does not apply.

Second, the case law is clear that the affiant may rely on hearsay and upon information received from informants as long as a substantial basis for crediting such information is presented to the magistrate. Illinois, 462 U.S. at 242. The affidavit in this matter sets out a substantial basis for crediting the information relied on by Bruns. The affidavit states that the information contained therein is based on his personal participation in the investigation of Collins as well as from information supplied by two reliable informants. The affidavit presents substantial information in support of the informants' reliability. In addition, Bruns was personally involved in helping the informants make some of the controlled buys of crack cocaine from Collins during the investigation which led to Bruns requesting a search warrant from Judge Blanton. Several of the buys were recorded on audio and/or video tape. As a result I find that the information in Bruns' affidavit clearly established a fair probability that contraband or evidence of a crime would be found at Collins' night club.

*Collins asserts that the warrant is invalid because there is only an out of court declaration by one of the Defendants in support of the warrant.*

A search warrant is validly issued when at least one affiant appears before the magistrate

judge under Rule 41(d)(2) and provides probable cause for the issuance of a search warrant. That is what happened in this case. The fact that Collins asserts that other Defendants in this case did not appear in front of Judge Blanton does not invalidate the warrant.

*Collins assets that the warrant is invalid because the is "no record of the administration of oath to any person who formed the basis for the application or any officer applying for the warrant."*

This assertion has no basis in fact. The warrant documents clearly state that the application was "[s]worn to before me, and subscribed in my presence" and that the affidavit was "[s]ubscribed and sworn to before me" both documents being signed by Judge Blanton. These documents are an undisputed record that Bruns presented his application and affidavit under oath before Judge Blanton.

*Qualified Immunity*

Defendants alternatively seek summary judgment on the basis of qualified immunity. Collins asserts that Defendants, all government actors, violated his right to be free from an illegal search of his business by using an invalid search warrant.

"Qualified immunity shields government actors from suit when, a reasonable [official] could have believed the challenged act to be lawful, in light of clearly established law and the information the defendant possessed." Weiler v. Purkett, 137 F.3d 1047, 1049 (8th Cir. 1998) (internal quotations and citations omitted). "Individual defendants are entitled to qualified immunity unless their alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person in their positions would have known. The law is clearly established if it gives the defendant official fair warning that his conduct violated an individual's

rights when the official acted." McCoy v. City of Monticello, 342 F.3d 942, 846 (8th Cir. 2003)(internal quotations and citations omitted).

A government official does not lose his qualified immunity because of a mistaken, yet reasonable belief, nor does an official lose his immunity because of a reasonable mistake as to the legality of his actions. Saucier v. Katz, 533 U.S. 194, 205-206 (2001). If the law does not put an official on notice that his conduct would be clearly unlawful, the official is entitled to summary judgment based on qualified immunity. Id. at 202.

The threshold question in analyzing a qualified immunity defense is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the official violated a constitutional or statutory right. Id. at 201. If such a violation can be made out on a favorable view of the parties' submissions, the next step is to ask whether the right was clearly established. Id. The clearly established prong is a particularized inquiry. The question is whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

Collins cannot establish the threshold issue that his right to be free from an unreasonable search and seizure was violated based on the facts he has alleged in this action. First Collins' initial claims that the warrant lacked a judge's signature, a court file stamp, and an issuing number have no basis in fact. It is undisputed that the warrant has all of these indicia. Even Collins' concedes in his response to the motions for summary judgment that the documents contain a judge's signature.

Collins' remaining claims do not support his assertion that the search warrant was invalid which let to an unauthorized search of his business. His claim that the magistrate judge was not

authorized to sign the warrant is legally incorrect. His claim that only one Defendant in this case signed the affidavit does not state a claim that the warrant application was invalid. His claim that the confidential informants also had to be placed under oath has no legal basis. His claim that there was no record that Bruns was under oath when he sought the warrant is clearly refuted by the documents at issue.

Even if Collins did state a threshold constitutional violation, Defendants have produced abundant evidence that the search warrant was properly sought and issued. The clearly established prong of a qualified immunity defense asks whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. A review of the documents in this matter establish that Bruns provided all of the essential elements in his application of the search warrant. None of Collins' claims of a defective application, affidavit, and warrant have any basis in fact. It was also reasonable for the other Defendants in this matter to rely on the facially valid search warrant when they participated in the search of Collins' business. United States v. Leon, 468 U.S. 897, 922 (1984)(when police officer acts within scope of a facially valid warrant, issued by a judge, the officer acted in good faith in conducting the search).

Nor has Collins alleged that the information contained in Bruns affidavit as false. Even if such an allegation is suggested in his pleadings and filings, which is not the case, any such generalized accusation insufficient to state a claim for relief. That is because a presumption of validity attaches to an officer's affidavit in support of a search warrant. Franks v. Delaware, 438 U.S. 154, 171 (1978). The contents of an officer's affidavit must be truthful, not in the "sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon

information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true." Id. at 165. To mandate an evidentiary hearing regarding the validity of a search warrant "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons." Id. at 171.

Collins' pleadings and filings lack any such allegations or offers of proof.

Because I find that the search of Collins' night club was made using a valid search warrant I find that Defendants did not violated Collins' rights under the United States Constitution of under the Constitution of the State of Missouri.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motions for summary judgment [#28 and #29] are **GRANTED**. Any other pending motions in this case are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August, 2007.